UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTELLIGENT SCM, LLC,<br><br>              Plaintiff,<br>    v.<br><br>QANNU PTY LTD, et al.,<br><br>              Defendants. | Case No. CV-14-06417-MMM (VBKx)<br><br>The Honorable Margaret M. Morrow<br><br>**[proposed] PROTECTIVE ORDER** |

## 1.    <u>PURPOSE AND LIMITS OF THIS ORDER</u>

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation and other related proceedings. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## 2.   DESIGNATING PROTECTED MATERIAL

**2.1   Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" (a "designator") must only designate specific material that qualifies under the appropriate standard. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2   Manner and Timing of Designations**. Designation under this Order requires the designator to affix the legend "CONFIDENTIAL" to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

2.2.1   A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be

treated as CONFIDENTIAL. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2  Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3    Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**4.    ACCESS TO DESIGNATED MATERIAL**

**4.1    Basic Principles**. A receiving party may use designated material only for this litigation and other related proceedings.  "Other related proceedings" are defined as other actions or proceedings involving: (a) one of the parties to this litigation; (b) entities in which a party has an ownership interest; or (c) an officer,

director, member, manager, or employee of a party.  Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

        **4.2**    **Disclosure of CONFIDENTIAL Material Without Further Approval**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

        4.2.1   The receiving party's outside counsel in this action and employees of outside counsel to whom disclosure is reasonably necessary;

        4.2.2   If the receiving party is an individual, the receiving party;

        4.2.3   If the receiving party is an organization, the officers, directors, members, managers, and employees of the receiving party or entities in which it has an ownership interest, to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A), and their support staff and each of their counsel;

        4.2.4   Experts and consultants consulted or retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A), and their support staff;

        4.2.5   The Court and its personnel;

        4.2.6   Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary;

        4.2.7   During their depositions, witnesses in the action or other related proceedings to whom disclosure is reasonably necessary and who have been asked on the record to sign the Agreement to Be Bound (Exhibit A), however the deposition shall proceed if the witness refuses to sign; and

4.2.8  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

## 5.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED  IN OTHER LITIGATION

**5.1**   **Subpoenas and Court Orders**. This Order in no way excuses non- compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2**   **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

5.2.1  Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

5.2.2  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

5.2.3  Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3**   **Wait For Resolution of Protective Order**. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.**  **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7.**  **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain produced material is subject to a claim of privilege or of protection as trial-preparation material, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Additionally, the parties agree that the producing party shall be permitted to (but  is not required to) produce materials without asserting privilege or protection as trial preparation materials, and the producing party may identify the materials at a later date that are claimed to be privileged or protected.  The parties agree that this later assertion of privilege or protection shall not be considered a waiver of the protection or privilege, even if the producing party failed to take reasonable steps to prevent disclosure of the privileged or protected materials, and even if the later assertion is not made at a reasonable time.

**8.**  **FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this

Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party ***may file the material in the public record*** unless (1) ***the designator*** seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 9.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy all paper and electronic copies of such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60- day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format for reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, or copies of such materials located on backup tapes or

1  other not reasonably accessible systems or storage, even if such materials contain

2  designated material. Any such archival copies remain subject to this Order.

3

4  IT IS SO ORDERED.

5

6  Dated:  June 18, 2015                                    /s/

7                                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order that was

issued by the United States District Court for the Central District of California in

the case of *Intelligent SCM,  LLC v. Qannu Pty Ltd, et al.*, Case No. CV-14-06417-

MMM (VBKx).  I agree to comply with and to be bound by all the terms of this

Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment for contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Protective

Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                   [printed name]

Signature:_____
                 [signature]